
FILED
FEBRUARY 23, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| BENNIE RAY JOHNSON, | § | |
| A.K.A. BENNIE JOHNSON, | § | |
| TDCJ-CID # 819383, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0003 |
| | § | |
| RISSIE OWENS, Parole Chairperson, | § | |
|    Board of Pardons and Parole, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO DISMISS**

Plaintiff BENNIE RAY JOHNSON, also known as BENNIE JOHNSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

On May 28, 2008, after the Court had scheduled a June 5th hearing, defendant filed a Motion to Dismiss.

On June 5, 2008, the Court conducted a hearing to examine plaintiff's request for injunctive relief and defendant's assertion of immunity, as well as any other matter which could

aid in the resolution of plaintiff's claims. The hearing developed into a *Spears*[1] hearing and focused upon the exact nature of the parole decision plaintiff was challenging and the procedure involved in that decision. At the hearing, the Court accepted evidence from plaintiff in the form of sworn testimony. Defendant proffered no evidence at the hearing, only argument. Because neither side could satisfactorily explain the substance of the parole decision plaintiff was challenging or the procedure involved in that decision, defendant was given thirty days in which to submit anything additional to explain the FI-18R and plaintiff was given thirty days to respond to defendant's motion to dismiss. Near the close of the hearing, the Court informed the parties that, if defendant submitted Affidavit evidence, that such submission would turn her motion into one for summary judgment.

In response, defendant presented affidavit evidence concerning the operation of an FI-18R with her July 7, 2008 Supplemental Evidence and Argument. Plaintiff filed his response to defendant's motion to dismiss on July 7, 2008. Since the submission of defendant's Supplemental Evidence, plaintiff has made no objection and has presented no controverting evidence or filed any additional response. In fact, neither party has responded or provided any additional information since their July 2008 pleadings.

Whether the Court treats defendant's motion as one for dismissal or for summary judgment, plaintiff has received adequate notice and reasonable opportunity to respond and offer pertinent material. Fed.R.Civ.P. 12(b); Fed.R.Civ.P. 56(c); *Hickey v. Arkla Industries, Inc.*, 6125 F.2d 239 (5th Cir. 1980)(combining the response requirements of Fed.R.Civ.P. 12(b) and 56(c) establishes a "rule of thumb" that parties are entitled to ten days notice that a 12(b)(6)

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

motion is being treated as a Rule 56 motion for summary judgment).

Review of the Affidavit presented by defendant shows it presents the statement of a Parole Board official defining the "FI-18R" utilized in parole decision and explaining the rescission of plaintiff's particular FI-18R. To the extent the testimony presents the definition of the FI-18R, it is unquestionably *Spears*-type evidence. The Court does not depend upon the remainder of the affidavit evidence as it is made unnecessary by plaintiff's own pleadings and his testimony at the hearing as well as reference to Texas statutes.

## CLAIMS

By his June 1, 2007 Amended Complaint, plaintiff claims he received an FI-18R early release date from the Texas Board of Pardons and Paroles on September 15, 2006. He states he was demoted to Line Class III as the result of a disciplinary case and that the Parole Board then revoked his already granted early release date without giving him the due process requirements of a hearing, appointed counsel, and a de novo hearing of the disciplinary infractions.

Plaintiff requests the Court order the Parole Board to afford plaintiff the requisite due process protections and that the Court stay the Parole Board's decision until due process requirements have been met.

## STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff.

*Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

All reasonable inferences must be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Nevertheless, dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929 (2007). Instead, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. The belief that a plaintiff is unlikely to prevail is not sufficient to support dismissal. *Scheuer v. Rhodes*, 416 U.S. 232, 2326 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003). A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*. (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**THE LAW AND ANALYSIS**

Plaintiff's amended complaint, his July 12, 2007 Rule 7 response in opposition to defendant's claim of absolute and qualified immunity, and his testimony at the June 5, 2008 hearing, taken together, provide a statement of plaintiff's claim and the basis for it.

Critically, at the June 5, 2008 hearing plaintiff revealed vital facts which had not been provided previously. Moreover, post-hearing, defendant provided the Court with a definition of the FI-18R which plaintiff stated he had received, but which FI-18R he could not provide a copy or a satisfactory explanation of what it meant.

At the June 5, 2008 hearing, plaintiff clarified he was challenging a parole decision, not a decision having to do with mandatory supervised release, and that he will not receive any further hearings prior to release[2]. Plaintiff said he is challenging the rescission of his early release date on parole without, he says, any due process. Plaintiff states he should have received a de novo consideration of his disciplinary case(s) by a Parole Board hearing and appointment of counsel for that hearing. Plaintiff stated the sole relief he requests is injunctive.

At the hearing, neither plaintiff nor defendant offered any evidence concerning what an FI-18R actually is, although defense counsel, presented her general understanding of what that determination is. Defendant supplemented her argument on July 7, 2008, by submitting an Affidavit of Troy Fox, Board Administrator for the Texas Board of Pardons and Paroles, averring he has knowledge of the "FI-18R" parole vote and stating it is a parole approval vote <u>subject to the offender's transfer to a TDCJ rehabilitation program and that release may occur only after completion of the program and no earlier than 18 months from the specific date.</u>

---

[2] By his July 7, 2008 "Answer in Opposition to Motion to Dismiss," plaintiff argues his claim is not rendered moot because other prisoners will be subjected to the same practice.

In plaintiff's case, Troy Fox further averred, the FI-18R parole approval vote was subject to plaintiff's transfer to a TDCJ rehabilitation program and completion of that program, for release no earlier than June 1, 2008. Subsequently, he stated, plaintiff received four major disciplinary violations and suffered a reduction in custody level, causing the TDCJ Parole Division, Review and Release Processing Division to refer plaintiff's case to the Texas Board of Pardons and Paroles, requesting that the parole approval vote be withdrawn due to plaintiff's inability to participate in the required program because of the custody level reduction. A majority of the Board members voted to withdraw plaintiff's parole approval vote and voted "serve all," requiring plaintiff to serve all the time in prison for which he was sentenced.

With the FI-18R having been defined, it is clear the parole date awarded plaintiff was merely tentative and that release on parole was conditioned upon his successful completion of the rehabilitation program. The caselaw advanced by plaintiff is distinguishable and concerns either federal parole rights or those of inmates in other states which have statutes establishing a right to release on parole. Texas law does not create a constitutional expectancy of parole. *See, Malachi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Further, Texas law provides for review of a favorable parole decision and a re-vote on the issue of parole if the subject offender "has been reduced below initial classification status or has lost good conduct time." 37 Tex. Admin. Code § 145.3(3)(C). Plaintiff, himself, testified and plead his tentative parole date was withdrawn due to his disciplinary infractions[3]. The Texas statute creates only a hope of parole, not a right to it. *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993)(citing *Williams v. Briscoe*, 641 F.2d 274, 276 (5th Cir. 1981), *cert. denied*, 454 U.S. 854, 102 S.Ct. 299,

---

[3]See plaintiff's testimony at the June 5, 2008 hearing and also see page 7 of plaintiff's July 7, 2008 "Answer in Opposition to Motion to Dismiss."

70 L.Ed.2d 147 (1981)). Plaintiff had no constitutionally protected due process rights in connection with release on parole[4]. It is clear, then, that plaintiff was not entitled to the protections he seeks, such as a hearing, appointed counsel, and a de novo hearing of the disciplinary infractions. Plaintiff's claim lacks an arguable basis in law and is frivolous.

Moreover, by the time of the June 5, 2008 hearing conducted by the Court, plaintiff's claim was moot. Since he now must "serve all" of his sentence, he will receive no further hearings at which he may be denied the process he feels he was due. Although plaintiff argues other inmates could experience the same rescission of tentative parole date that plaintiff did, "one may not claim standing . . . to vindicate the constitutional rights of some third party." *Barrows v. Jackson*, 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1952). Plaintiff is before this Court to vindicate his own rights.

Lastly, defendant has asserted Eleventh Amendment immunity and argues the injunctive relief requested by plaintiff is retrospective, not prospective. Therefore, she contends, this Court has no jurisdiction to adjudicate these claims.

The principle of state-sovereign immunity generally precludes actions against state officers in their official capacities, *see Edelman v. Jordan,* 415 U.S. 651, 663-69, 94 S.Ct. 1347,

---

[4]Plaintiff points to language in the 2004 issue of the Texas Inmate Orientation Handbook to argue that it creates a reasonable expectation of release. Review of that language does not show it creates a reasonable expectation of release. Moreover, to determine the extent of a prisoner's liberty interest in parole release, the Court must look to state statute. *Board of Pardons v. Allen*, 482 U.S. 369, 371 107 S.Ct. 2415, 2416, 96 L.Ed.2d 3403 (1987). Texas statute defines parole as "the discretionary and conditional release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). Texas statute creates only a hope of parole, not a right to it. *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993)(citing *Williams v. Briscoe*, 641 F.2d 274, 276 (5th Cir. 1981), *cert. denied*, 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981)). The discretionary nature of parole is emphasized in the policies adopted by the Board of Pardons and Paroles, which read, in relevant part: Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law. Tex. Admin. Code § 145.3(1)(2009). Further, Texas law provides for review of a favorable parole decision and a re-vote on the issue if the subject offender "has been reduced below initial classification status or has lost good conduct time." 37 Tex. Admin. Code § 145.3(3)(C). Plaintiff, himself, states his tentative parole date was withdrawn due to his disciplinary infractions.

39 L.Ed.2d 662 (1974), subject to an established exception: the *Ex parte Young* doctrine. Under *Ex parte Young*, "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The reasoning of *Young*, however, does not extend to claims for retrospective relief. *See Pennhurst, supra*, 465 U.S. at 102-103, 104 S.Ct., at 909; *Quern v. Jordan, supra*, 440 U.S. at 337, 99 S.Ct., at 1143; *Edelman v. Jordan, supra*, 415 U.S. at 668, 94 S.Ct., at 1358. While prospective and retrospective relief implicate Eleventh Amendment concerns, the availability of prospective relief of the sort awarded in *Ex parte Young* gives life to the Supremacy Clause. Remedies designed to end a continuing violation of federal law vindicate the federal interest in assuring the supremacy of federal law. *See, Pennhurst, supra*, 465 U.S. at 102, 104 S.Ct., at 909. *See also Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977). Nevertheless, compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). While the effects to plaintiff may be ongoing, they flow from a single, allegedly defective hearing in the past, which will not be repeated. The relief requested is injunctive in nature, in that plaintiff seeks a court ordered hearing to correct past alleged deficiencies. The requested relief, however, is not prospective in effect, and, therefore, plaintiff's challenge is barred by Eleventh Amendment immunity.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the Recommendation of the Magistrate Judge to the United States District Judge that defendant's Motion to Dismiss be GRANTED and that

the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff BENNIE RAY JOHNSON, also known as BENNIE JOHNSON be DISMISSED WITH PREJUDICE AS FRIVOLOUS; ALTERNATIVELY THAT IT BE DISMISSED WITHOUT PREJUDICE AS BARRED BY ELEVENTH AMENDMENT IMMUNITY; AND ALTERNATIVELY THAT IT BE DISMISSED AS MOOT.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of February, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).